## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FRANK LLP | ) | |
| 370 Lexington Ave., Suite 1706 | ) | |
| New York, N.Y. 10017, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 1:19-cv-01197 |
| | ) | |
| v. | ) | |
| | ) | |
| CONSUMER FINANCIAL | ) | |
| PROTECTION BUREAU | ) | |
| 1700 G St., N.W. | ) | |
| Washington, D.C. 20552, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Frank LLP brings this action against Defendant Consumer Financial Protection Bureau ("CFPB") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Frank LLP is a law firm that is registered as a limited liability partnership under the laws of the State of New York and whose address is 370 Lexington Avenue, Suite 1706, New York, N.Y. 10017.  Plaintiff's law practice focuses on plaintiffs' litigation, particularly,

representing consumers who have been economically harmed by large corporations' unlawful actions.

4.     Defendant CFPB is an agency of the United States Government, and is thus an "agency" for the purposes of 5 U.S.C. § 552(f)(1). The CFPB is headquartered at 1700 G Street, N.W., Washington, D.C. 20552. The CFPB has possession, custody, and control of records to which Plaintiff seeks access.

## **BACKGROUND**

5.     Plaintiff serves as plaintiffs' counsel in two consolidated civil actions brought on behalf of proposed classes of consumers against, among others, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-2, and National Collegiate Student Loan Trust 2007-3 (together, the "Trusts"), for wrongful debt-collection practices. *Bifulco et al. v. National Collegiate Student Loan Trust 2004-2 et al.*, No. 1:18-cv-07692-PGG (S.D.N.Y.); *Michelo et al. v. National Collegiate Student Loan Trust 2007-2 et al.*, No. 1:18-cv-01781-PGG (S.D.N.Y.).

6.     The Trusts are among the fifteen National Collegiate Student Loan Trusts (collectively, "National Collegiate"). National Collegiate are the ultimate owners of bundles of student loan debt following a complex securitization process. These debt-bundles now total at least $12 billion, with at least $5 billion now classed as in default.

7.     Among the allegations in *Bifulco* and *Michelo* is that the defendants in those actions—the Trusts, along with (1) the national debt-collection coordinator Transworld Systems, Inc. ("Transworld") (in its own right and as successor to NCO Financial Systems, Inc. ("NCO"), now doing business as EGS Financial Care Inc. ("EGS")), and (2) an outside law firm that has represented National Collegiate trusts in debt-collection lawsuits against New York residents—

submitted affidavits falsely attesting to personal knowledge and review of valid proof of consumers' indebtedness.   In fact, the affiants who swore out these boilerplate affidavits had robosigned them, without reviewing any such evidence.

8.     These materially misleading affidavits were submitted in state-court debt-collection lawsuits in furtherance of National Collegiate, Transworld, and their attorneys' goal of procuring judgments against consumers to which no National Collegiate trust was entitled.   Among the claims in *Bifulco* and *Michelo* is that such misconduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").[1]

9.     The claims and allegations in *Bifulco* and *Michelo* reflect findings of law and fact that the CFPB asserted in administrative actions against both National Collegiate and Transworld for wrongful debt-collection activities from at least November 2012 and onward.   *See* Compl. ¶¶ 52–57, *Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Loan Trust et al.*, No. 1:17-cv-01323-UNA (D. Del. Sept. 18, 2017) (Dkt. No. 1) ("NCSLT Complaint"), *available at* https://files.consumerfinance.gov/f/documents/201709_cfpb_national-collegiate-student-loan-trusts_complaint.pdf.[2]

---

[1]   *See* Class Action Compl. ¶¶ 11–15, 37–39, 59, 76–80, 85, 108–112, 117, 137–141, 146, 162, 173, *Bifulco*, No. 1:18-cv-07692-PGG (S.D.N.Y. Aug. 23, 2018), ECF No. 1; Am. Class Action Compl. ¶¶ 12–16, 39, 100–104, 109, 134–138, 143, 165, *Michelo*, No. 1:18-cv-01781-PGG (S.D.N.Y. Sept. 14, 2018), ECF No. 60.

[2]   *See also*:  Prop. Consent J., *Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Loan Trust et al.*, No. 1:17-cv-01323 (D. Del. Sept. 18, 2017) (Dkt. No. 3-1) ("NCSLT Consent Judgment"), *available at* https://files.consumerfinance.gov/f/documents/201709_cfpb_national-collegiate-student-loan-trusts_proposed-consent-judgment.pdf; and
        Consent Ord., *In re Transworld Sys., Inc.*, Admin. Proc. No. 2017-CFPB-0018 (Consumer Fin. Prot. Bureau Sept. 18, 2017) ("Transworld Consent Order"), *available at* https://files.consumerfinance.gov/f/documents/201709_cfpb_transworld-systems_consent-order.pdf.

10.     As of the date of this pleading, the district court overseeing both *Bifulco* and *Michelo* has preliminarily concluded that the plaintiffs' claims as alleged have merit as a matter of law, and ordered discovery to proceed while the court considers the defendants' Rule 12 motions. *See* Conf. Tr. at 7:23–23:21, *Michelo*, No. 18-cv-1781-PGG (S.D.N.Y. June 21, 2018); *see also Bifulco-Michelo* Consol. Am. Civ. Case Mgmt. Plan & Sched. Ord., (S.D.N.Y. Nov. 29, 2018) (ECF No. 74 on *Michelo* docket; ECF No. 35 on *Bifulco* docket).   The district court's Rule 12 decision remains pending, and the parties are proceeding with discovery.

11.     Records and information in the CFPB's possession that pertain to the CFPB's findings against National Collegiate and Transworld, and their state-court attorneys, constitute evidence that would greatly strengthen the claims of the plaintiffs and putative classes in *Bifulco* and *Michelo*.  Plaintiff seeks documents underpinning the CFPB's findings of fact.

## OVERVIEW OF THIS FOIA ACTION

12.     Plaintiff filed a FOIA request with the CFPB seeking access to documents in the CFPB's possession that pertain to findings by the CFPB that mirror allegations made by Plaintiff on behalf of the plaintiffs and putative classes in *Bifulco* and *Michelo*.

13.     The CFPB has repeatedly refused to provide Plaintiff with access to any of the documents responsive to Plaintiff's FOIA request (or to any portions thereof).  The CFPB has failed to state any valid basis in fact or law for its decision to withhold these records, and has ignored its obligation to conduct a segregability review of these records.

14.     Plaintiff, having exhausted all administrative remedies, now files this complaint.

## STATEMENT OF FACTS

15.     On September 19, 2018 Plaintiff submitted a FOIA request to the CFPB (the "Request") seeking, among other things, access to the records and information reflected in the

4

findings of fact set forth in the NCSLT Complaint, the NCSLT Consent Judgment, and the Transworld Consent Order.[3]

16.     The Request identified such documents as including, but not necessarily limited to, transcripts of any investigation-hearing testimony by nine individuals.  These nine individuals (the "Affiants")[4] had signed or notarized state-court affidavits against plaintiffs in *Bifulco* and *Michelo*.

17.     Following discussions between Plaintiff and the CFPB, Plaintiff agreed on November 29, 2018 to narrow the Request such that it seeks only the transcripts of investigation-hearing testimony by the Affiants.

18.     In a letter dated December 3, 2018 ("Denial"), the CFPB denied Plaintiff's Request, arguing that the FOIA exemptions codified at 5 U.S.C. § 552(b)(4) ("Exemption 4"), 5 U.S.C. § 552(b)(7)(A) ("Exemption 7(A)"), and 5 U.S.C. § 552(b)(7)(E) ("Exemption 7(E)") allow the CFPB to withhold the records and information responsive to the Request.[5]

19.     The Denial paraphrased the statutory language comprising these exemptions, and provided a generalized overview of how courts tend to interpret them, but did not provide the required detailed justification identifying why any of these exemptions is relevant and correlating those reasons with the particular parts of the withheld documents to which any applies.

---

[3]  Plaintiff's Request is annexed hereto as Exhibit A.

[4]  The Affiants are: Chandra Alphabet, Francesca Giampiccolo, Kristian Knochel. James Cummins, Dudley Turner, Danielle Gray, Colleen Morgan, Jonathan Boyd, and Demetrius Cyrus Nickens.  According to documents previously made public by the CFPB, some or all of the Affiants have been required to testify to the CFPB in response to civil investigative demands issued pursuant to the CFPB's subpoena powers.

[5]  The CFPB's Denial is annexed hereto as Exhibit B.  The Denial designated the Request as CFPB FOIA Request No. 2018-0782-F.

20.     In a letter dated December 21, 2018 ("Appeal"),[6] Plaintiff appealed the CFPB's denial of the Request.  The Appeal explained why (1) the requested records and information could not possibly be "commercial" or "confidential" for purposes of Exemption 4, (2) disclosure thereof could not possibly "interfere with [CFPB] enforcement proceedings" for the purposes of Exemption 7(A), and (3) disclosure thereof could not possibly "increase the risk that a law will be violated or that past violators will escape legal consequences" for the purposes of Exemption 7(E).

21.     Plaintiff's Appeal also called attention to the fact that, even assuming that any of the invoked exemptions applied to certain of the documents responsive to Plaintiff's request (or to portions thereof), the CFPB had neglected its obligation under 5 U.S.C. § 552(b) to identify and segregate the exemptible information, and produce the information to which none of these exemptions applies.

22.     In a final appellate determination letter dated January 24, 2019 and signed by CFPB Assistant General Counsel Steven Y. Bressler ("Final Appellate Determination"),[7] the CFPB denied the Appeal, invoking only Exemptions 7(A) and 7(E).[8]  As to segregability, Mr. Bressler stated that "the non-exempt factual portions of the [transcripts] are relatively small and inextricably intertwined with the exempt portions."

23.     The Final Appellate Determination apprised Plaintiff of its right to seek judicial review in this District as to the CFPB's treatment of the Request.  Plaintiff has exhausted all available administrative remedies with regard to the Request.

---

[6]  Plaintiff's Appeal is annexed hereto as Exhibit C.

[7]  The CFPB's Final Appellate Determination is annexed hereto as Exhibit D.

[8]  The Final Appellate Determination did not discuss the applicability of Exemption 4.

24.     Contrary to the CFPB's assertions, neither Exemption 7(A) nor Exemption 7(E) permits the CFPB to withhold, in full or in part, the records and information responsive to the Request.

### COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)
### (Withholding Of Records)

25.     Plaintiff repeats, realleges, and reincorporates all paragraphs above as though fully set forth herein.

26.     The CFPB, an agency subject to FOIA pursuant to 5 U.S.C. § 552(f)(1), is unlawfully withholding records requested by Plaintiff pursuant to FOIA.

27.     The CFPB has asserted no lawful or factual basis for withholding the records responsive to Plaintiff's Request.

28.     Even assuming that certain records responsive to Plaintiff's Request (or portions thereof) are subject to the exemptions cited by the CFPB in denying the Request, the CFPB has neglected its obligation under 5 U.S.C. § 552(b) to segregate the exemptible information and produce the non-exempt information.

29.     Plaintiff has exhausted all administrative remedies with regard to the CFPB's unlawful withholding of the records responsive to the Request.

30.     Plaintiff is being irreparably harmed by reason of the CFPB's unlawful withholding of the records responsive to Plaintiff's Request, and will continue to be irreparably harmed unless the CFPB is compelled to comply with its obligations under FOIA. Specifically, lack of access to these records hinders Plaintiff's ability to represent the plaintiffs and putative classes in *Bifulco* and *Michelo*.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a.        Expedite this proceeding as provided for in 28 U.S.C. § 1657;

b.        Declare that the records responsive to Plaintiff's Request must be disclosed by the CFPB pursuant to 5 U.S.C. § 552, or, in the alternative, conduct an in camera segregability review of these records and order disclosed any non-exempt records (or portions of records);

c.        Enjoin the CFPB from continuing to withhold any and all non-exempt records (or portions of records) responsive to Plaintiff's Request;

d.        Order the CFPB to produce a "*Vaughn* index"[9] of any and all records responsive to Plaintiff's Request that have been withheld by the CFPB under a claim of exemption;

e.        Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) or any other applicable law; and

f.        Grant Plaintiff such other and further relief as this Court might deem just and proper.

---

[9] *See Vaughn v. Rosen*, 484 F.2d 820, 827–28 (D.C. Cir. 1973).

Dated:  April 24, 2019                                        Respectfully submitted,

                                                             /s/  *Gregory A. Frank*
                                                             Gregory A. Frank
                                                             (D.C. Bar No. NY0216)
                                                             Frank LLP
                                                             370 Lexington Ave.
                                                             Suite 1706
                                                             New York, NY  10017
                                                             (212) 682.1853
                                                             gfrank@frankllp.com

                                                             *Counsel for Plaintiff*